UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ NUNEZ (A#220-068-039),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08079-DAD-SCR<br><br>ORDER &<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

The record demonstrates that Petitioner is a native and citizen of Honduras who entered the United States on March 30, 2021 and immediately encountered U.S. Border Patrol. See ECF No. 9 at 7-10 (I-213 Form). He applied for asylum based on his fear of persecution in his home country. ECF No. 1. He was served with a Notice to Appear ("NTA") in immigration court charging him with being inadmissible pursuant to Section 212(a)(6)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 9 at 7-10. He was released by immigration officials on April 12,

2021. Id. Petitioner was granted employment authorization and has renewed it several times. Id. An immigration judge ordered him removed on May 7, 2024 and Petitioner appealed that decision to the Board of Immigration Appeals. Id. His immigration appeal remains pending over two years later. Id.

Immigration and Customs Enforcement ("ICE") subsequently encountered Petitioner at a county jail after he was arrested for misdemeanor Driving Under the Influence. Id. Petitioner was transferred into ICE custody on September 2, 2026. ECF No. 9 at 12. On or about October 7, 2026, Petitioner was served with the Notice of Custody Determination form and requested a bond hearing before an immigration judge. ECF No. 9 at 5. Respondent indicates that this "should trigger the immigration court to set a bond hearing." ECF No. 9 at 2. However, there is no evidence in the record that any such bond hearing has been scheduled for Petitioner to date.[1]

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited,

---

[1] A few hours after the expiration of Respondent's deadline to answer the petition, Respondent sought a three-day extension of time. ECF No. 7. The undersigned denied that request in large part due to prejudice to the Petitioner. ECF No. 8. However, Respondent then filed its response before these Findings & Recommendations were finalized and concurrently filed a motion to accept that untimely filing. ECF No. 9 & 10. Given that the prejudice has abated by the filing of the response before F&Rs could be finalized, the Court will grant the motion to accept the untimely brief.

and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Immigration Framework**

On April 12, 2021, Petitioner was released on his own recognizance after being served an NTA. Thus, even though he was stopped and arrested near the border, the record shows that he was released pursuant to ICE's detention and release authority under 8 U.S.C. § 1226. Moreover, Respondent does not contend that Petitioner is detained under 8 U.S.C. § 1225(b). Thus, the undersigned finds that Petitioner is currently detained under § 1226(a).

**III. Analysis**

Petitioner's prior release by ICE endows him with a protected liberty interest. See Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *2 (E.D. Cal. May 5, 2026) (finding that even "individuals who have been paroled into the United States under § 1182(d)(5)(A) have a clear interest in remaining out of custody that is protected by the Fifth Amendment"); see also D. L.C. v. Wofford, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026) (same). Petitioner also applied for asylum and received employment authorization and has a protected liberty interest in light of ICE allowing him to live for years in the United States on that basis. See Gagik T. v. Chestnut, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026). As for the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution, Respondent does not dispute that Petitioner did not receive pre-deprivation notice and hearing before his arrest. To the extent that Respondent argues that Petitioner is entitled to a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) and that he requested such a hearing on October 7, 2026, there is no evidence in the record that any such bond hearing has even been scheduled, much less conducted by an immigration judge. Petitioner has been in immigration detention for a month and a half without being provided any procedure to review whether his re-detention is necessary. Thus, upon consideration of the three factors set forth in Mathews v. Elderidge, 424 U.S. 319, 335 (1976), Petitioner's re-detention constitutes a procedural due process violation. See Julio Fernando R.P. v. Andrews, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the Mathews factors and making similar finding).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." Zinermon, 494 U.S. at 129. Here, where Respondent does not make a specific argument as to why Petitioner's criminal history warrants only a post-deprivation remedy, release is the appropriate remedy.

## CONCLUSION

Accordingly, it is ORDERED that Respondent's motion to accept the untimely response brief (ECF No. 10) is GRANTED.

Moreover, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner JOSE LUIS MARTINEZ NUNEZ (A#220-068-039) from their custody and to return all of Petitioner's documents and possessions at the time of release.

4. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

   a. Serve a copy of any release order on the California City Immigration Processing Center; and,

   b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v.

Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE